JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-03590-MCS-SK | Date  June 20, 2023 |
| Title  *Morales v. Ford Motor Co.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CASE (ECF NO. 13) (JS-6)

The Court ordered Defendant Ford Motor Co. to show cause why the case should not be remanded because the amount in controversy is insufficient to support diversity jurisdiction. (OSC, ECF No. 10.) Defendant filed a response indicating that Plaintiff Victor M. Morales is seeking at least $170,000 in damages. (OSC Resp., ECF No. 12.) Plaintiff, on the other hand, filed a motion to remand based on defects in the removal procedure. (Mot., ECF No. 13.) Defendant opposes the motion to remand. (Opp'n, ECF No. 14.) The Court deems both matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.  **BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiff purchased a 2020 Ford F-150 ("Vehicle") on June 27, 2020. The Vehicle suffered from "engine, electrical, emission, and transmission system defects." Defendant was unable to timely rectify the defects and refused to replace the vehicle or provide restitution. The Complaint seeks damages, rescission and restitution, diminution in value, incidental and consequential damages, a civil

penalty, attorney's fees and costs of suit, interest, and other relief. (*See generally* Compl., ECF No. 1-2.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 23LBCV00315. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## III. DISCUSSION

Given the Complaint's invocation of the superior court's unlimited jurisdiction, (Compl. 1), the Court surmises that Plaintiff asserts the amount in controversy exceeds $25,000, *see* Cal. Civ. Code §§ 85(a), 88. But nothing in the Complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation

marks and citation omitted)). Thus, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant offers an email from Plaintiff's counsel indicating that Plaintiff will seek to recover at least $170,000 without factoring in attorney's fees. (Maclear OSC Decl. Ex. 1, ECF No. 12-1.) While a plaintiff's "damages estimate is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," it "will not establish the amount in controversy . . . if it appears to be only a bold optimistic prediction." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1069 (C.D. Cal. 2014) (internal quotation marks omitted). For the reasons discussed below, the Court rejects Plaintiff's counsel's estimate as overinflated. Plaintiff does not tether his estimate to any prudent or arguable calculation of the value of the case; his figure exceeds even Defendant's similarly overinflated estimate of the amount in controversy before attorney's fees.

### A. Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

Defendant submits that the cash price of the Vehicle was $46,972.00 but that the total sales price, less an optional service contract, was $52,232.17. (Maclear Removal Decl. ¶ 13, 16(a), ECF No. 1-1.) Defendant has not lodged documentary evidence from which the Court may divine the provenance of these numbers. It is unclear whether the $52,232.17 figure includes finance charges for the Vehicle which have yet to accrue and are not properly factored into the calculation of actual damages. *Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 U.S. Dist. LEXIS 76768, at *9 (N.D. Cal. Apr. 27, 2022) (citing *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–39 (2000)). Without that information, the Court assumes only the cash price is in controversy.

Contrary to Defendant's argument, (OSC Resp. 7), the mileage offset factors into the measure of a plaintiff's damages and impacts the amount in controversy, *see D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *6–7 (C.D. Cal. May 21, 2020) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (holding that considering a use offset is appropriate in the jurisdictional analysis, reasoning that "an estimate of the amount

in controversy must be reduced if 'a specific rule or measure of damages limits the amount of damages recoverable'" (quoting *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015))). The Court accepts Defendant's calculation of an offset of $2,729.86, which is commensurate with the 6,974 miles driven on the Vehicle between the date of the first repair presentation and the date of purchase. (Maclear Removal Decl. ¶ 16(b)–(c).)[1]

In short, the preponderance of the evidence supports a reasonable estimate of damages in the amount of $44,242.14.

### B. Civil Penalty

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty when evaluating the amount in controversy because Plaintiff pleads entitlement to the penalty. (Notice of Removal ¶¶ 25–27; OSC Resp. 5–6.) Acknowledging a split in authority, the Court respectfully declines to assume the maximum penalty is at issue without some indicia of willfulness that possibly would entitle Plaintiff to a penalty. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–9 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Neither party presents any evidence or argument supporting the possible award of a civil penalty in this case, let alone evidence or argument justifying the maximum penalty. *See, e.g.*, *id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully,

---

[1] The Court finds that Defendant's calculation is unsupported by evidence in other respects, including Defendant's calculation of incidental expenses of $750.00. (Maclear Removal Decl. ¶ 16(d).)

however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendant has not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy. The Court accordingly declines to include a civil penalty in its calculation.

  C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant posits, based on fee requests by plaintiff-side attorneys in SBA cases litigated up to or through trial, that fees in this case appropriately may be estimated as $40,000. (Notice of Removal ¶¶ 32–33; OSC Resp. 6–7.) But Defendant "provides no explanation for why this case is similar to ones that went to trial." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *10–11; *accord Schneider*, 441 F. Supp. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citations omitted)). All but one of the dozens of SBA cases assigned to this judicial officer have settled before trial. Even if fees recovered or sought in other SBA cases present competent evidence of the fees that may accrue here, they do not provide probative evidence of the hours that might reasonably be expended in this case. *Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold); *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding burden unmet where defendant failed to "provide an estimate of the hours that will be incurred"). Even accepting Defendant's assumption that a blended rate of $262.50 per hour may be awarded to Plaintiff's attorneys, (OSC Resp. 8), Defendant presents no evidence or argument from which one may reasonably infer that the attorneys will spend over 150 hours prosecuting this routine SBA case. For example, Defendant offers no estimate—let alone a reasonable one—of the

anticipated number of attorney hours that will be expended on motion practice, discovery, and trial preparation. Nor does Defendant forecast the likelihood the case will require motion practice, discovery, or trial in view of settlement prospects. Defendant has not established it is more likely than not that $40,000 in fees are at stake, let alone any nonspeculative quantum of fees.

### D. Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

Because the Court lacks subject-matter jurisdiction, the Court does not reach Plaintiff's arguments that defects in the removal procedure require remand.

### E. Request for Interlocutory Appeal

Defendant requests that the Court certify a question for interlocutory appeal. (OSC Resp. 9–10.) The request is denied for failure to comply with rules governing motion and ex parte practice. *E.g.*, C.D. Cal. R. 6-1, 7-3, 7-4, 7-19.1, 7-20. The request is further denied as incognizable. What order Defendant seeks to appeal is unclear. Assuming Defendant seeks to prosecute an interlocutory appeal of this Order remanding the case, it cannot; "an order remanding an action to state court for lack of federal jurisdiction is not reviewable on appeal or otherwise." *Krangel v. Gen. Dynamics Corp.*, 968 F.2d 914, 915 (9th Cir. 1992) (internal quotation marks omitted); *accord* 28 U.S.C. § 1447(d). Defense counsel should know this already. *See Serfontein v. Ford Motor Co.*, No. 22-55384, 2022 U.S. App. LEXIS 20005, at *1 (9th Cir. July 20, 2022) (citing 28 U.S.C. § 1447(d) in dismissal of appeal prosecuted by this counsel). Even if this Order were reviewable, the Court would deny certification on the basis that Defendant offers no showing that an interlocutory appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Defendant submits that the Court's decision to follow one well-established line of authorities over another places Defendant "in an untenable position." (OSC Resp. 9.) Hardly so. Defendant and counsel are well aware of the dozens of authorities adverse to their position on the removability of cases in which the amount

in controversy is not made clear on the face of the pleadings. Defendant can avoid navigating federal district courts' discordant treatment of the issue by sheathing the removal sword until the grounds for federal jurisdiction are apparent under any standard applied by district courts in this circuit.

## IV.     CONCLUSION

The Court remands the case to the Los Angeles County Superior Court, No. 23LBCV00315. The motion to remand is denied as moot. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**